IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES T. KING,

                         Petitioner,

      v.

R. WERLINGER, WARDEN,
FCI-OXFORD,

                      Respondent.

OPINION AND ORDER

13-cv-537-wmc

---

James T. King is an inmate incarcerated by the United States Bureau of Prisons at the Federal Correctional Institution in Oxford, Wisconsin (FCI-Oxford).  King seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241, arguing that his federal sentence is invalid.  For reasons set forth below, the petition must be dismissed for lack of jurisdiction.

## FACTS

The following facts are taken from the pleadings and the electronic docket in King's underlying criminal case:

King and two others were arrested for plotting to rob a cocaine "stash house" that was part of an undercover sting operation by law enforcement.  King was charged with conspiracy and attempted possession with (1) intent to distribute five kilograms or more of cocaine, (2) carrying a firearm in relation to a drug-trafficking crime, and (3) possessing a firearm as a felon in violation of 21 U.S.C. §§ 846, 841(a)(1) and 18 U.S.C. §§ 924(c)(1)(A), 922(g)(1).  *See United States v. King*, Case No. 06-cr-50074-02 (N.D. Ill.).  On May 8, 2008, a jury in the United States District Court for the Northern

District of Illinois found King guilty as charged.  In addition, the jury found that the drug crimes involved five or more kilograms of cocaine, increasing the statutory maximum imprisonment from 20 years to life pursuant to 21 U.S.C. §§ 841(b)(1)(A), (b)(1)(C). On August 14, 2008, the district court sentenced King to serve a total of 420 months in prison (360 months on the drug crimes, followed by a consecutive term of 60 months for carrying a firearm in relation to those crimes).

On direct appeal, King argued that (1) the district court erred by denying his pre-trial motion for a bill of particulars; and (2) the evidence was insufficient to support the jury's finding that the drug offenses involved at least five kilograms of cocaine.  The Seventh Circuit rejected these arguments, noting that there was "overwhelming" evidence in support of the jury's verdict on drug quantity and no showing that a bill of particulars would have helped King's case. *See United States v. Lewis, et al.*, 350 F. App'x 74, 2009 US App LEXIS 23896 (7th Cir. 2009) (unpublished).  The United States Supreme Court denied King's petition for a writ of certiorari on March 1, 2010.  *See King v. United States*, 559 U.S. 987 (2010).

On March 3, 2011, King filed a motion under 28 U.S.C. § 2255, asking the district court to vacate, set aside, or correct his sentence.  King argued that he was entitled to relief for the following reasons:  (1) he was denied effective assistance of counsel at trial and on direct appeal; (2) he was convicted as the result of "outrageous conduct" by the government; and (3) his sentence was "substantively and procedurally unreasonable." The district court, which presided over King's trial and sentencing, rejected the ineffective-assistance allegations, finding that his other claims were either

2

procedurally barred or without merit.  *See King v. United States*, Case No. 11-cv-50056 (N.D. Ill. June 14, 2011).  The Seventh Circuit denied King's request for a certificate of appealability, *see King v. United States*, No. 11-2494 (7th Cir. Dec. 23, 2011), and the United States Supreme Court denied his petition for a writ of certiorari from that decision.  *See King v. United States*, 133 S. Ct. 551 (2012).

On January 24, 2013, King filed a motion pursuant to Fed. R. Civ. P. 60(b) seeking to reopen his prior § 2255 case, arguing that the district court did not address several issues he had raised previously.  The trial court treated this as a successive motion under § 2255, dismissing it for lack of authorization.  *See United States v. King*, 06-cr-60074 (N.D. Ill. Jan. 30, 2013).  King's attempt to appeal that decision was ultimately dismissed for failure to pay the filing fee.  *See United States v. King*, 13-1437 (7th Cir. March 22, 2013).

King now seeks a petition for habeas corpus relief challenging his conviction and sentence pursuant to 28 U.S.C. § 2241 on the grounds that he is "actually and factually innocent" of the charged offenses.  In support of his request for relief, King argues that the evidence was insufficient to support the jury's verdict.


OPINION

King seeks judicial review of his sentence under 28 U.S.C. § 2241(c)(3), which authorizes a writ of habeas corpus where a prisoner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States[.]"  Review under § 2241 is usually reserved for attacks on the execution, not in the imposition, of a

sentence. *See Kramer v. Olson,* 347 F.3d 214, 217 (7th Cir. 2003). By contrast, "[28 U.S.C.] § 2255 is the exclusive means for a federal prisoner to attack his conviction [or sentence]." *Hill v. Werlinger*, 695 F.3d 644, 647 (7th Cir. 2012); *see also Carnine v. United States*, 974 F.2d 924, 927 (7th Cir. 1992) (comparing the remedies available under §§ 2241, 2255).

Because King attacks the sentence imposed by the trial court, his petition is governed by § 2255. *See Hill*, 695 F.3d at 647. As a rule, motions of this kind must be filed with the sentencing court. *See* 28 U.S.C. § 2255(a); *Longbehn v. United States*, 169 F.3d 1082, 1083 (7th Cir. 1999). In a "narrow class of cases," a federal prisoner may proceed under § 2241 provided he can show that his claims fit within the "savings clause" found in 28 U.S.C. § 2255(e). *Hill*, 695 F.3d at 648; *Kramer*, 347 F.3d at 217 (citation omitted). To fit within this narrow exception, however, a prisoner must show that "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." *Id.* King has failed to do so.

According to the Seventh Circuit, § 2255 is inadequate for purposes of the savings clause when the statutory prohibition on second or successive motions would otherwise "prevent a prisoner from obtaining review of a legal theory that 'establishes the petitioner's actual innocence.'" *Kramer*, 347 F.3d at 217 (quoting *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002)). To make this showing, a prisoner must demonstrate that "the legal theory he advances relies on a change in law that both postdates his first § 2255 motion . . . and 'eludes the permission in [§] 2255 for successive motions.'"

*Kramer*, 347 F.3d at 217 (quoting *In re Davenport*, 147 F.3d at 605, 611 (7th Cir. 1998)). None of the claims raised by King fit within this category.

On the contrary, all of the legal theories presented in the pending § 2241 petition were available either at the time of King's direct appeal or when he filed his initial motion to vacate under § 2255. In fact, the sentencing court dismissed King's initial § 2255 motion *because* most of the legal theories presented were considered during King's direct appeal. Under these circumstances, King does not show that § 2255 was inadequate or ineffective to test the legality of his detention. *See Hill¸* 695 F.3d at 649; *see also Taylor*, 314 F.3d at 835 (observing that a petitioner's prior failure to present a constitutional claim or "theory that has long been appropriate for collateral review does not render § 2255 'inadequate or ineffective'").

Because King does not fit within the savings clause found in § 2255(e), he may not proceed under § 2241 and his pending petition for a writ of habeas corpus must be dismissed for lack of jurisdiction.

ORDER

IT IS ORDERED that James T. King's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is DISMISSED for lack of jurisdiction because his claims do not fit within the savings clause found in 28 U.S.C. § 2255(e).

Entered this 19th day of December, 2013.

BY THE COURT:
/s/
WILLIAM M. CONLEY
District Judge

5